UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LUIS individually and as successor in interest to JORDAN LUIS,<br><br>                        Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; CASA DE AMPARO, DOES 1 THROUGH 20; and ESTEE URAM-JARIVS,<br><br>                        Defendants. | Case No.:  3:18-cv-0246-CAB-(JMA)<br><br>**ORDER ON MOTION TO DISMISS [Doc. No. 9]** |

This matter comes before the Court on Defendant County of San Diego's ("County") motion to dismiss.  [Doc. No. 9.]  The motion has been fully briefed and the Court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).  For the following reasons, the motion is granted.

## I.    Allegations of the Complaint

Plaintiff alleges that Defendants violated his and his deceased son's civil rights. [Doc. No. 1-2.]

Jordan Luis, Plaintiff's deceased son, and Calvin Glass were in the care and custody of the County of San Diego Social Services Foster Care system and Casa de Amparo

("Casa"). [*Id.* at ¶¶ 14, 15, 17.] The two young men were placed at the Shadow Ridge Apartment complex by Defendant Casa. [*Id.* at ¶ 17.] Casa is contracted through the County to place individuals who are in the care and custody of the County of San Diego Social Services Foster Care system in housing. [*Id.*]

On multiple occasions Jordan Luis, and others on his behalf, complained to the employees of Casa and the County about the increasing hostility between Luis and Glass and demanded Luis be moved. [*Id.* at ¶¶ 18, 19.] County and Casa were aware of the likelihood that Glass would be violent towards Luis and "affirmatively chose to continue to room" them together. [*Id.* at ¶ 20.] On July 26, 2015, Glass shot and killed Luis. [*Id.* at ¶ 16.]

Plaintiff asserts claims against County and "County Employee Does" under 42 U.S.C. § 1983 for three separate Fourteenth Amendment violations related to his son's death, namely: state created danger/failure to protect; loss of parent-child relationship without due process; and deprivation of life without due process (federal survivorship claim). [*Id.* at 9-13.[1]] Additionally, Plaintiff brings a failure to adequately train claim under 42 U.S.C. § 1983 against County. [*Id.* at 14.] Plaintiff also brings California state law claims for negligence and wrongful death against both County and Casa. [*Id.* at 15-17.] In his prayer for relief, Plaintiff requests $10,000,000.00 in punitive damages from all defendants. [*Id.* at 17.]

## II.     Procedural Background

Plaintiff filed his original complaint in district court on July 21, 2017, *Luis v. County of San Diego*, Case Number 3:17-cv-01486-CAB-JMA, ("17cv1486"), asserting claims against all Defendants under 42 U.S.C. § 1983 and California state law claims for negligence and wrongful death against Casa. [*See* Doc. No. 1 on the docket of 17cv1486].

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

On October, 2, 2017, Defendant Casa filed a motion to dismiss that was fully briefed. [Doc. Nos. 8, 10, 11 on the docket of 17cv1486.] On November 13, 2017, the Court dismissed without prejudice the federal claims against Defendant Casa. [Doc. No. 13 on the docket in 17cv1486.] Further, in the absence of the federal claims, the Court declined to exercise supplemental jurisdiction over the remaining state law claims. [*Id*.] Plaintiff did not amend his complaint.

Meanwhile, on November 3, 2017, concerned that the other two Defendants had not been served with a copy of the complaint, the Court issued an order to show cause, to which Plaintiff responded. [Doc. Nos. 12, 14 on the docket of 17cv1486.] On November 30, 2017, the Court extended the deadline for County to answer or otherwise respond to the Complaint. [Doc. No. 16 on the docket of 17cv1486.]

On January 11, 2018, Plaintiff voluntarily dismissed without prejudice the complaint against County and Estee Uram-Jarvis. [Doc. No. 20 on the docket in 17cv1486.] On December 7, 2017, before filing his notice of dismissal in 17cv1486, Plaintiff filed a complaint in the Superior Court of California, County of San Diego, against Casa and County. [Doc. No. 1-2.] The state court complaint is substantially similar to the one filed in the 17cv1486 action, the only notable differences are that Plaintiff no longer asserts constitutional claims against Casa and the state law claims are now waged against both Casa and County.

On February 2, 2018, the County removed the state court complaint to district court. [Doc. No. 1.] Along with the Notice of Removal, County filed a notice of related case which resulted in the case being transferred from the Honorable Gonzalo Curiel to the undersigned. [Doc. Nos. 1-5, 8.]

On February 9, 2018, Defendant Casa filed a motion to dismiss the punitive damages claim in the sixth cause of action, and requested the Court strike Plaintiff's pleas for punitive damages from the Pray for Relief. [Doc. No. 7.] On April 6, 2018, Plaintiff filed a Notice of Non-opposition to Defendant Casa De Amparo's Motion to Dismiss and Strike Plaintiff's Request for Punitive Damages. [Doc. No. 14.] On April 16, 2018, the Court

granted Casa's motion and struck the requests for punitive damages from the complaint. [Doc. No. 17.]

On February 9, 2018, Defendant County filed its motion to dismiss seeking dismissal on a myriad of grounds, including challenging the sufficiency of the complaint under Federal Rule of Civil Produce Rule 12(b)(6). [Doc. No. 9.] Plaintiff filed his opposition to the motion [Doc. No. 13] and County filed a reply [Doc. No. 16].

## III. Judicial Notice

At the motion to dismiss stage a court may consider materials incorporated into the complaint or matters of public record, without converting the motion to dismiss into a motion for summary judgment. *Coto Settlement v. Eisenberg*. 593 F.3d 1031, 1038 (9th Cir. 2010) (citation omitted); *U.S. v. Ritchie,* 432 F.3d 903, 908 (9th Cir. 2003) ("The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."). The Ninth Circuit has extended the "incorporation by reference" doctrine to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Id.; See Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Van Buskirk v. CNN,* 284 F.3d 977, 980 (9th Cir. 2002); *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).

Here, County requests the Court take judicial notice of: (1) the Complaint filed on July 21, 2017, in 17cv1486; (2) the Order on Motion to Dismiss filed on July 17, 2017, in 17cv1486; (3) the conformed copy of Order of Dismissal dated October 22, 2017, attaching Minute Order dated September 27, 2017, in *Morris v. San Diego County Department of Social Services*, No. 37-2016-00022280-CU-PO-NC ("37-2016-22280") filed in the Superior Court of California; (4) conformed copy of Notice of Ex Parte Petition and Ex Parte Petition for Order Relieving Petitioner From Provisions of Government Code Section

945.4 and Declaration of Case C. Barnett, Esq., filed on June 28, 2016, in 37-2016-22280; (5) Defendant Casa's Notice of Motion and Motion to Dismiss and Strike Pursuant to FRCP 12(B)(6) and 12(F), filed on October 2, 2017, in 17cv1486; (6) a Minute Order dated December 1, 2017, in 17cv1486 dismissing Defendant Casa from the lawsuit; (7) Plaintiff's Notice of Dismissal of Action, Without Prejudice, filed on January 11, 2018, in 17cv1486; (8) conformed copy of the County's Opposition to Petitioner's Motion for Relief From California Government Claims Filings Statute, filed August 26, 2016, in 37-2016-22280; (9) a copy of Clerk's Certificate By Mail that a copy of the Superior Court's ruling was mailed to Plaintiff's counsel on September 27, 2016; (10) a copy of Notice of Dismissal that was mailed to Plaintiff's counsel on November 9, 2017 in 37-2016-22280. [Doc. No. 9-2.]

County moves for judicial notice under Federal Rule of Evidence 201(b) because all of the documents are true and correct copies of official records of United States District Court for the Southern District of California and Superior Court of California, County of San Diego. Plaintiff has not opposed the use of these documents or challenged their authenticity. Accordingly, the Court takes judicial notice of Exhibits A-J filed in support of the motion to dismiss. [Doc. No. 9-2.]

## IV.  Legal Standard

Under Rule 12(b)(6), a party may bring  a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Even under the liberal pleading standard of Rule 8(a)(2), which requires only that a party make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## V. Discussion

Defendant County moves to dismiss Plaintiff's federal causes of action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and on collateral estoppel grounds. County also argues for dismissal of the state law claims because they were are barred by the California Tort Claims Act and were previously adjudicated in state court. The Court will first address the arguments related to the federal claims before turning to the state law claims.

### 1. Applicability of Collateral Estoppel to the Four 42 U.S.C. § 1983 Claims

Under the doctrine of collateral estoppel "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). Application of the doctrine "preclude[s] parties from contesting matters that they have had a full and fair opportunity to litigate [and] protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 153-154. However, the doctrine will not apply "when the party against whom the earlier decision is asserted did not have a 'full and

fair opportunity to litigate the claim or issue." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 480-481 (1982) (citations omitted).

An issue cannot be re-litigated if "(1) the issue decided in the prior adjudication is substantially identical to the issue in the subsequent action; (2) there was a final judgment on the merits; an (3) the party against who the estoppel is asserted was a party to or in privity with a party in the first action. *Durkin v. Shea &* Gould, 92 F.3d 1510, 1516 (9th Cir. 1996) (citation omitted). The party asserting the estoppel bears the burden of pleading and proving what issues were decided in his favor in the previous action. *Hernandez v. City of L.A.*, 624 F.2d 935, 937 (9th Cir. 1980). If there is doubt collateral estoppel will not be applied. *Harris v. Jacobs,* 621 F.2d 341, 343 (9th Cir. 1980).

Here, the parties dispute whether any of the elements of issue preclusion are present. County argues that the Court's dismissal of Plaintiff's 42 U.S.C. § 1983 claims against Casa in 17cv1486 estops Plaintiff from reasserting them in the case at bar. In support, County asserts that the §1983 claims Plaintiff asserted in the case at bar are virtually identical to those raised in the 2017 suit and that Plaintiff's failure to amend his complaint following the dismissal of the federal claims against Casa made this Court's judgment final. Plaintiff counters that no final judgment was entered and that the claims against the County have not been previously litigated. The Court agrees with Plaintiff.

In the 2017 case, this Court dismissed the three 42 U.S.C § 1983 substantive due process claims and one failure to train claim against Casa. [Doc. No. 9-2 at 22-39.] In so finding, the Court considered not only the alleged violation but also whether the alleged deprivation was committed by a person acting under color of state law. The Court concluded that not only were the constitutional violations not pled with the requisite specificity, it also determined Plaintiff had failed to allege sufficient facts to demonstrate that, as a private corporation, Casa was acting under color of state law such that it was properly subject to suit under § 1983. However, the same cannot be said for County and County Employee Does. Neither party dispute that the County is a municipal actor and,

therefore, subject to suit under 42 U.S.C. §1983. Thus, the rationale the Court used in reaching its decision on the federal claims is not applicable to all Defendants.

In addition, the merits of the claims brought against County and County Employee Does were not addressed in the Court's order of dismissal because, at the time of its issuance, County had not filed a response to the pleading or joined in Casa's motion. The order dismissing Plaintiff's federal claims against Casa gave Plaintiff leave to amend, with the Court declining supplemental jurisdiction over the state law claims, therefore, at no point has the Court addressed the merits of the state law claims. Meaning, Plaintiff was not given a "full and fair opportunity to litigate the claim[s] or issue[s]" it had brought against County or the state law claims against the Defendants. *Kremer,* 456 U.S. at 480-481. Finally, the Court is cognizant of the fact that the claims against County, County Employee Does and Estee Uram-Jarvis were voluntarily dismissed by Plaintiff before a responsive pleading to the complaint was filed by County, which prompted the clerk of court to close the case. [Doc. No. 9-2 at 128-29.] The Court does not consider this to be entry of a final judgment on the merits. Accordingly, the Court finds no reason to dismiss Plaintiff's claims based on the doctrine of collateral estoppel.

## 2. The Fourteenth Amendment Substantive Due Process Claims

The Fourteenth Amendment provides that no state can "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Plaintiff brings suit for violation of his and his deceased son's Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983. While § 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights it "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citation omitted); *see also Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). In order "[t]o establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was

committed by a person acting under color of state law." *Tsao v. Desert Place, Inc.,* 698 F.3d 1128, 1138 (9th Cir. 2012).

"[P]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson,* 563 U.S. 51, 60-61 (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)) ("Congress did not intend § 1983 liability to attach where . . . causation is absent."). In order to allege a claim for municipality liability, Plaintiff must include in his pleading enough "factual content" to support a reasonable inference to show that: (1) he was deprived of a constitutional right; (2) the county and city had a policy; (3) the policy amounted to deliberate indifference to his constitutional right; and (4) the policy was "the moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also Iqbal*, 556 U.S. at 678; *Monell*, 436 U.S. at 690 (plaintiff must allege facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.").

## A.  Deprivation of a Constitutional Right

"The first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Here, Plaintiff claims his and his son's Fourteenth Amendment rights were violated in three ways. The Court will look to each in turn to see if Plaintiff has met the pleading standards to state each § 1983 claim.

### i.  Fourteenth Amendment Due Process Claim for Failure to Protect

First, Plaintiff alleges a violation of his son's, Jordan Luis, Fourteenth Amendment substantive due process rights against Defendant County and County Employee Does asserting they deliberately placed Jordan Luis in a dangerous position that led to his death. [Doc. No. 1 at 7-8.] Defendant County seeks dismissal of this claim on the grounds that if fails to state a claim. [Doc. No 9-1 at 21-23.]

It is well established that the Constitution protects a citizen's liberty interest in her own bodily security. *See, e.g., Ingraham v. Wright*, 430 U.S. 651, 673-74 (1977); *Wood v. Ostrander*, 879 F.2d 583, 589 (9th Cir. 1989). It is also generally established that, "the Fourteenth Amendment's Due Process Clause . . . does not confer any affirmative right to governmental aid" and "typically does not impose a duty on the state to protect individuals from third parties." *Patel v. Kent Sch. Dist.,* 648 F.3d 965, 971 (9th Cir. 2011) (citations and alterations omitted). However, there are two exceptions to this rule, the "special relationship exception" and the "state-created danger exception." *See generally, Henry A. v. Willden,* 678 F.3d 991, 998 (9th Cir. 2012).[2] "If either exception applies, a state's omission or failure to protect may give rise to a § 1983 claim." *Id.* at 998 (quoting *Patel,* 648 F.3d at 972).

Here, Plaintiff brings a claim under the state-created danger exception which imposes liability "for failing to protect an individual from harm by third parties where the state action affirmatively places the plaintiff in a position of danger, that is, where the state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Henry A.*, 687 F.3d at 1002 (internal quotation marks and citations omitted). In determining whether an official affirmatively placed an individual in danger, courts consider: (1) whether any affirmative actions of the official placed the individual in danger he otherwise would not have faced; (2) whether the danger was known or obvious; and (3) whether the official acted with deliberate indifference to that danger." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062-64 (9th Cir. 2006). Deliberate indifference requires the state actor "must recognize an unreasonable risk and actually intend to expose

---

[2] The special relationship exception applies "'when a 'special relationship' exists between the plaintiff and the state." *Patel,* 648 F.3d at 971. The exemption applies "when a state takes a person into its custody and holds him there against his will" because "a state cannot restrain a person's liberty without assuming some responsibility for the person's safety and well-being." *Id.* at 971 (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989)). The state-created danger exception applies "when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger.'" *Id.* at 971-72 (citing *L.W. v. Grubbs,* 92 F.3d 894, 900 (9th Cir. 1996)).

the plaintiff to such risks without regard to the consequences to the plaintiff." *Patel,* 648 F.3d at 974 (internal quotation marks, changes and citation omitted). The Ninth Circuit has made clear that negligence, or even gross negligence, is not enough for deliberate indifference, deliberate indifference requires a culpable mental state. *L.W. v. Grubbs,* 92 F.3d 894, 898-900 (9th Cir. 1996). "[T]he deliberate indifference standard, as applied to foster children, requires a showing of an objectively substantial risk of harm and a showing that the officials were subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and that either the official actually drew that inference or that a reasonable official would have been compelled to draw that inference." *Tamas v. Dep't of Soc. & Health Servs.,* 630 F.3d 833, 845 (9th Cir. 2010).

Plaintiff alleges that his son, Jordan Luis, was in the care and custody of the County and Casa. [Doc. No. 1-2 at ¶ 14.] Plaintiff also alleges that Jordan Luis had a liberty interest in his own bodily security. [*Id.* at ¶ 23.] Plaintiff asserts that Defendants affirmatively placed Jordan Luis in a dangerous position that he otherwise would not have been by choosing to not modify his son's living arrangements after receiving multiple requests to do so while knowing of Glass' violent propensities and the increasing hostility between the roommates. [*Id.* at ¶¶ 18-20, 22, 25-27.] Additionally, Plaintiff complains that County's actions "constituted outrageous behavior that is shocking to the conscience," and that the refusal was made with deliberate indifference to his son's personal and physical safety. [*Id.* at ¶¶ 22, 25.]

County does not dispute that Jordan Luis was in the custody of the County of San Diego Social Services Foster Care system, was being housed at a facility run by Casa and was harmed by a third party, Calvin Glass. Rather, County asserts that Plaintiff has not pled conduct or facts necessary to state a claim and has simply made cursory statements regarding County's actions. The Court concurs. The complaint suffers from the same deficiencies at its predecessor in the earlier action, in that it fails to allege

> any facts that show the danger that Glass posed was known or obvious to
> anyone at [County], nor identified any employees working for [County] who

received the complaints regarding the growing hostility between the roommates. Additionally, Plaintiff has not sufficiently alleged that [County] knew that something was going to happen between Glass and Jordan Luis but ignored the risk and exposed Jordan Luis to the danger. *Patel,* 648 F.3d at 974. All that has been offered are conclusions and a formulaic recitation of the elements of the cause of action…

[Doc. No. 9-2 at 28:16-22.] Accordingly, the Court finds that Plaintiff has failed to plausibly allege that Defendant County or its Doe Employees created or exposed Jordan Luis to a danger which he would not have otherwise faced or that it acted with the necessary deliberate indifference to the danger.

### ii. Fourteenth Amendment Substantive Due Process Claim for Loss of Parent-Child Relationship

Second, Plaintiff alleges that the unlawful killing of his son, Jordan Luis, deprived both him and his son of their parent-child relationship, which was guaranteed to them under the Fourteenth Amendment. [Doc. No. 1-2 at 11-12.] Defendant County seeks dismissal of this claim on the grounds that Plaintiff "only offers legal conclusions to support his claims, instead of facts." [Doc. No 9-1 at 24:10-11.]

"It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983." *Lee v. City of L.A.,* 250 F.3d 668, 685 (9th Cir. 2001) (internal citations, quotations, and alterations omitted).[3] To prevail on such a substantive due process claim requires a parent demonstrate the liberty deprivation was caused by the government "in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty."

---

[3] *See also Robbins v. City of Hanford*, Nos. CIV F F 04-6672 AWI SMS, CV F 05-0147 OWW SMS, 2006 WL 1716220, at *14 (E.D. Cal. June 19, 2006) (citing *Gausvik v. Perez*, 392 F.3d 1006, 1008 (9th Cir. 2004) ("[w]here a claim for interference with familial relationships is integrally predicated upon, or entwined with, other conduct that is alleged to be unconstitutional, a finding that the other conduct was constitutional generally will preclude recovery for interference with familial relationship.").

*Nunez v. City of L.A.*, 147 F.3d 867, 871 (9th Cir. 1998); *see also Schwartz v. Lassen County ex rel. Lassen Cnty. Jail*, No. 2:10-cv-03048-MCE-CMK, 2013 WL 5375588, at *5 (E.D. Cal. Sept. 24, 2013) (citations omitted) ("to prevail on a Fourteenth Amendment claim arising out of the loss of familial relationship, a plaintiff must show that the defendant's conduct shocks the conscience."). "This means the conduct must more than offend some fastidious squeamishness or private sentimentalism, but offend even hardened sensibilities." *Ramirez v. Escondido Unified Sch. Dist.*, Case No. 11cv1823 DMS (BGS), 2013 WL 12191986, at *2 (S.D. Cal. Apr. 8, 2013) (internal quotation marks and citation omitted); *see also Kim v. City of Santa Clara,* No. C 09-00025 RS, 2010 WL 2034774, at *6 (N.D. Cal. May 19, 2010) ("What state of mind shocks the conscience depends on the circumstances of a particular case."). As the Ninth Circuit has explained, conduct that "shocks that conscience" is that which "either consciously or through complete indifference disregards the risk of an unjustified deprivation of liberty." *Tatum v. Moody,* 786 F.3d 806, 820-21 (9th Cir. 2014).

Here, Plaintiff has alleged a liberty interest that, upon the death of his son, he was deprived of his son's society, solace and comfort, companionship." [Doc. No. 1-2 at ¶ 34.]. Further, Plaintiff alleges that County's decision not to remove Jordan Luis from a dangerous situation that resulted in Glass killing him "was done intentionally and in a manner that constituted a deliberate indifference to and reckless regard" of Jordan Luis' life and the parent-child relationship which "constituted outrageous behavior that is shocking to the conscience." [*Id.* at ¶ 33.] But, similar to the 2017 complaint, aside from these conclusory statements, Plaintiff does not allege any facts showing conduct that shocks the conscience. Plaintiff has only presented facts that County did not transfer one of the roommates, and that County knew of Glass' violent propensities and the increasing hostility between the two young men. But no further details are provided. Without more, this does not rise to the level of egregious official conduct that shocks the conscience. *See generally, Cnty. of Sacramento v. Lewis*, 523 U.S. 833, at 846-847 (1998) (collecting cases illustrating what conduct shocks the conscience and violates the decencies of civilized

conduct). Accordingly, the Court concludes that Plaintiff has not alleged facts sufficient to support a Fourteenth Amendment Loss of Parent-Child Relationship Claim.

### iii. Fourteenth Amendment Due Process Claim for Deprivation of Life

Finally, Plaintiff alleges that Defendants County and County Employee Does deprived his deceased son of his life without due process of law under the Fourteenth Amendment. [Doc. No. 1-2 at 12-13.] Plaintiff is bringing this cause of action as a "Federal Survivalship Claim via Cal. Civ. Proc. Code § 377.30" pursuant to the state-created danger doctrine. [*Id.* at 12; Doc. No. 13 at 7.] Defendant County seeks dismissal of this cause of action on the grounds that it also fails to state a claim. [Doc. No. 9-1 at 24.]

A survival action is an action by a decedent's estate to recover damages on behalf of the decedent for injuries the decedent sustained. *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1228-1229 (9th Cir. 2013) (citation omitted). In order to recover damages under 42 U.S.C. § 1983 as a successor in interest, the successor must sufficiently allege that defendants deprived the deceased of a constitutional right while acting under color of state law. *See Tatum v. City & Cnty. of S.F.,* 441 F.3d 1090, 1094 (9th Cir. 2006) (citing *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001). The party seeking to bring a survival action must demonstrate "that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 369 (9th Cir. 1998) (citation omitted); *see also Robertson v. Wegmann,* 436 U.S. 584, 589 (1978) (state law governs who receives a decedent's § 1983 claim). Under California law, "a cause of action for . . . a person is not lost by reason of the person's death, but survives. Cal. Civ. Proc. Code § 377.20(a). In California any person seeking to commence an action pursuant to section

377.30 must execute and file an affidavit setting forth that person's qualifications as a successor. CAL. CIV. PROC. CODE § 377.32.[4]

Here, Defendant County does not dispute that Morris Luis, as Jordan's father and within his capacity as successor in interest, has alleged sufficient facts and filed the affidavit necessary under California law[5] to demonstrate he has standing to commence a survival action based on the violation of the decedent's constitutional rights. Rather, County asserts that the claim "is duplicative of his first and second causes of action and fails for the same reasons" and "does not allege facts sufficient to state the 'state-created danger exception.'" [Doc. No. 9-1 at 24.] The Court is not persuaded that the loss of parent-child relationship claim is duplicative of the survival action. The relationship claim is based on personal injuries Plaintiff suffered resulting from the death of his son, whereas the survival action is being brought on behalf of Jordan Luis, based on the injuries he suffered. *See Hayes,* 736 F.3d at 1229 (9th Cir. 2013) ("wrongful death actions [] are based

---

[4] *See also Nishimoto v. Cnty. of San Diego,* Case No.: 3-16-cv-01974-BEN-JMA, 2016 WL 8737349, at *4 (S.D. Cal. Nov. 4, 2016) (finding that plaintiff had sufficiently alleged she had standing to bring claims as successor in interest for her deceased son to withstand a motion to dismiss because she had submitted a declaration that complied with the requirements of California Code Civil Procedure section 377.32); *Wishum v. State of Cal.*, Case No. 14-cv-01491-JST, 2014 WL 3738067, at *2 (N.D. Cal. July 28, 2014) ("Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the party purporting to act as successor in interest satisfies the requirements of California law.").

[5] A person who seeks to commence an action or proceeding as a decedent's successor in interest must execute and file an affidavit or declaration under penalty of perjury stating: (1) decedent's name; (2) the date and place of decedent's death; (3) that "no proceeding is now pending in California for administration of the decedent's estate;" (4) if the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest; (5) either of the following, as appropriate, with facts in support thereof: (A) "The affiant or declarant is the decedent's successor in interest (as defined by Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding." (B) the affiant or declarant is authorized to act on behalf of the decedent's successor in interest (as defined by Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."; (6) "No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding;" (7) "The affiant or declaration affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct. CAL. CIV. PROC. CODE § 377.32(a)

on personal injuries resulting from the death of another, [whereas] survival actions . . . are based on injuries incurred by the decedent."). However, to the extent that Plaintiff is seeking to bring two separate claims, one for failure to protect and one for loss of life, the claims overlap somewhat, in that both are being brought on behalf of Plaintiff's deceased son and are premised upon his death.

Regardless, as explained in more detail above, Plaintiff has not sufficiently alleged any facts sufficient to warrant application of one of the exceptions to the general rule that the Fourteenth Amendment's Due Process Clause does not require government actors to protect individuals from third parties. *See Patel*, 648 F.3d 965. Similar to the other substantive due process claims, Plaintiff simply offers conclusory statements that "Defendants acted with deliberate indifference for DECENDENT'S reasonable security, in that they ignored/and or failed to remove DECENDENT from an obviously dangerous environment" and that County's actions and omissions regarding Jordan Luis' physical safety and life "were done intentionally, maliciously, recklessly, sadistically, oppressively, outrageously and with deliberate indifference and a reckless disregard" of Jordan Luis' constitutional rights. [Doc. No. 1-2 at ¶¶ 37, 39.] But again, all that has been offered are conclusions and a formulaic recitation of the elements of the cause of action. Plaintiff pleads no specific facts about the County's alleged knowledge of Calvin Glass' violent propensities, makes no attempt to identify any County employee to whom the complaints about Glass was made, and provides no detail as to what the "growing hostilities" were or the history between the roommates. In sum, while Plaintiff has standing to bring a survivor claim, he has failed to allege with the required specificity the constitutional violation on which it rests.

//
//
//
//

## B. Municipality Liability

Here, there is no question that County is a municipal actor.[6]  Therefore, County may be held liable for the alleged violations only if the Employee Does' conduct was the product of a County policy or custom.  *Monell,* 436 U.S. 658.  County cannot, however, be held liable under § 1983 "*solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondent superior theory."  *Id.* at 691 (emphasis in original).

A plaintiff may show a policy or custom of a municipality either: "(1) by showing a longstanding practice of custom which constitutes the standard operating procedure of the local government entity; (2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of a decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate."  *Menotti v. City of Seattle,* 409 F.3d 1113, 1147 (9th Cir. 2005) (internal quotation marks and citations omitted).

Here, it is alleged that the Doe Defendants "are Supervisory personnel and/or policy making and/or final policy making officials with Defendant COUNTY and/or Defendant CASA DE AMPARO," who were responsible for or "otherwise caused the actions

---

[6] Further, the Court notes that Plaintiff has failed to provide any identifying information regarding the individuals acting on behalf of County whose conduct may have violated his or his son's constitutional rights.  Rather, Plaintiff simply makes general references to "Defendants" without specifying who did what and when or providing any details regarding the knowledge the County Employee Does and County Officials had regarding the situation between Jordan Luis and Calvin Glass.  There is a complete absence of factual allegations linking any specific individual to any of Plaintiff's claims regarding the purported constitutional violations.  If Plaintiff chooses to amend he is cautioned that more facts must be alleged. *See, e.g., Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)) (as a required element of a § 1983 claim "the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have cause a constitutional deprivation."); *Ellis v. Foulk,* No. 2:14-cv-00802 AC P, 2015 WL 4662766, at *7 (E.D. Cal. Aug. 5, 2015) ("vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.").

complained of by Plaintiff . . . such as via Supervisory Liability (i.e. failure to properly supervise, improperly directing subordinate employees, approving unlawful actions of subordinate employees, failing to intervene in and stop unlawful actions of their subordinates.)" [Doc. No. 1-2 at ¶ 11.]  Further, it is alleged that these Doe Defendants were "acting pursuant to their authority as Supervisory personnel." [Doc. No. 1-2 at ¶¶ 11, 12.]  Absent from the complaint is any reference to a municipal custom, practice or plan.

These vague allegations do not give rise to the plausible inference that there was a municipal policy or custom in place or that any County employee with the requisite authority acted with deliberate indifference.  Plaintiff does not allege with any degree of specificity that the County employee/s who committed the alleged constitutional violations were officials with final policy-making authority nor that the challenged action itself was therefore an act of government policy.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) ([M]unicipal liability under § 1983 attaches where- and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in questions").  Neither has Plaintiff alleged that the decision to maintain the roommate arrangement that housed Jordan Luis and Calvin Glass together was ratified by an official with final policy-making authority.  *See Christie v. Iopa,* 176 F.3d 1231, 1239 (9th Cir. 1999) (to plausibly plead ratification the plaintiff must alleged facts that show that "the authorized policymakers approve a subordinate's decision and the basis for it.").  Moreover, even assuming that a violation of Plaintiff's and his son's due process rights occurred, Plaintiff has not demonstrated the existence of a municipal policy, practice or custom, he has only alleged a single occurrence of unconstitutional action.  *See McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000) (citation omitted) ("[o]nly if a plaintiff shows that his injury resulted from a permanent and well settled practice may liability attach for injury resulting from a local government custom.");  *Davis v. City of Ellensburg,* 869 F.2d 1230, 1233-34 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a *municipal*

policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." (italics in original).

As currently pled, Plaintiff has failed to allege any facts which "might plausibly suggest" that he or his son were subject to a constitutional deprivation pursuant to any municipal custom, policy, or practice implemented or promulgated with deliberate indifference to his constitutional rights, or that such a policy was the "moving force" or cause of his injury. *See Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal's* pleading standards to *Monell* claims.)

### C. Conclusion Regarding Fourteenth Amendment Claims

Although Plaintiff may have viable §1983 Fourteenth Amendment substantive due process claims against County, they have not been pled with the requisite specificity. Accordingly, the Court **GRANTS** Defendant County's motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Fourteenth Amendment substantive due process claims. If Plaintiff intends to amend his complaint to assert these claims, he is advised that he must allege claims that comport with the aforementioned legal standard.

### 3. Failure to Adequately Train Claim Under 42 U.S.C. § 1983

Defendant County seeks dismissal of this cause of action on the grounds that it also fails to state a claim. [Doc. No. 9-1 at 25.]

A local government body may be held liable for its failure to train employees or failure to provide a different kinds of training if the failure causes a constitutional violation, and the failure amounts to deliberate indifference to the rights of individuals who come into contact with the employees. *See City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989) ("[I]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury").

In order to allege a claim for failure to properly train, Plaintiff must include in his pleading enough "factual content" to support a reasonable inference to show that: (1) he was deprived of a constitutional right; (2) the municipality had a training policy that amounts to deliberate indifference to the constitutional rights of the persons' with whom the employee are likely to come into contact; and (3) his constitutional injury would have been avoided had the municipality properly trained those employees. *Blakenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007); *Lee*, 250 F.3d at 681. However, "[m]ere negligence in training or supervision . . . does not give rise to a *Monell* claim." *Doughterty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that it actionable under § 1983." *City of Canton*, 489 U.S. at 391.

Here, like the 2017 complaint, Plaintiff merely makes the boilerplate assertion that Defendants' training policies "were not adequate to train its employees to handle the usual and recurring situations with which they must deal, such as the increasing hostility between JORDAN LUIS and Calvin Glass." [Doc. No. 1-2 at ¶ 42.] As the Court explained in the Order of Dismissal in the 2017 case

> [e]ven assuming that a violation of Plaintiff's due process rights occurred, the situation concerning Plaintiff's son and Glass does not demonstrate the existence of a municipal policy or custom, it simply alleges a single occurrence of unconstitutional action. *See McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000) (citation omitted) ("[o]nly if a plaintiff shows that his injury resulted from a permanent and well settled practice may liability attach for injury resulting from a local government custom). Furthermore, Plaintiff has not alleged facts to support the proposition that Defendants were deliberately indifferent with respect to the training or that known or obvious consequences were disregarded. *See, e.g., Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("Deliberate indifference is a stringent standard of fault requiring proof that a municipal actor disregarded a known or obvious consequence of his action."). Neither has Plaintiff alleged facts that Defendants failure to train its employees on how to deal with increasing hostility between roommates in foster care actually caused the shooting of Jordan Luis.

[Doc. No. 9-2 at 36:7-19.]

All that is tendered are "naked assertion[s] devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (internal quotation marks and citation omitted). Plaintiff has not "identified the challenged policy/custom, explained how the policy/custom was deficient, explained how the policy/custom caused the plaintiff harm, and reflected how the policy/custom amounted to deliberate indifference, i.e. explained how the deficiency involved was obvious and the constitutional injury was likely to occur." *Young v. City of Visalia,* 687 F. Supp. 2d 1141, 1149 (E.D. Cal. Aug. 18, 2009) (identifying the allegations the Ninth Circuit in *Lee,* 250 F.3d 668, determined would rise above the level of 'bare allegations" sufficient to state a *Monell* claim under *Iqbal).* As a consequence, the Court **DISMISSES WITHOUT PREJUDICE** the failure to adequately train claim against County.

### 4. State Law Claims

Defendant County seeks dismissal of the state law causes of action on the grounds that Plaintiff has failed to satisfy the requirements of California's Tort Claims Act and failed to state claims for negligence and wrongful death. [Doc. No. 9-1 at 25-31.]

The California Tort Claims Act sets forth the procedure a litigant must follow when seeking money or damages from a public entity in California. It requires a written claim must first be filed with, and subsequently acted upon, by the public entity before a suit may be initiated. *See* Cal. Gov. Code § 945.4. A failure on the part of the litigant to comport with the Act's requirements "bars the plaintiff from bringing suit against that entity." *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1240–44 (2004); *Hacienda La Puente Unified Sch. Dist. v. Honig*, 976 F.2d 487, 494 (9th Cir. 1992) ("[c]ompliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action.") The bar applies "even when the state-law claims are brought alongside federal claims in federal court. " *Mergen v. City of L.A.*, Case 2:112-cv-00311-SVW-SHx, 2012 WL 12882418, at *2 (C.D. Cal. Aug. 30, 2012) (citation omitted). To ensure compliance with

the Act in federal court, a litigant bringing such claims must allege facts that either demonstrate or excuse compliance with the California Tort Claims Act. A failure to do so will subject the state law claims to dismissal. See *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.1995); *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir.1988).

Here, the Complaint is silent as to whether Plaintiff submitted the tort claims to County or that any of the prerequisites of maintaining a suit against a public entity in California have been met. However, evidence has been provided that Plaintiff did not timely submit a written claim to County regarding the death of his son[7], and in fact sought leave to present a late claim. [Doc. No. 9-2 at 41-46.] Both the County and Superior Court of California, County of San Diego denied Plaintiff's request for relief from the Act's requirements. [*Id.*] Therefore, the Court concludes that Plaintiff has neither demonstrated compliance with, nor excusal from, the California Tort Claims Act requirements. Furthermore, Plaintiff has not opposed County's motion to dismiss the fifth and sixth causes of action for the state law torts. In light of these circumstances, the Court **grants** County's motion and **DISMISSES WITH PREJUDICE** the state law claims brought against it.

## VI. Conclusion

In sum, Plaintiff has failed to assert facts sufficient to demonstrate a constitutional violation of the Fourteenth Amendment and fails to connect the County to the execution of a policy or custom necessary to establish a *Monell* claim. As a consequence, Plaintiff has failed to state § 1983 claims upon which relief can be granted. With regard to the state law claims, Plaintiff has failed to comply with the mandatory California Tort Claim Act requirements. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion to dismiss [Doc. No. 9] and hereby **ORDERS** as follows:

---

[7] Pursuant to the Act, claims relating to a cause of action for death or for injury to a person must be presented not later than six months after the accrual of the cause of action. See Cal. Gov. Code § 911.2.

3:18-cv-0246-CAB-(JMA)

1. The First through Fourth Causes of Action under 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE**. Plaintiff has up to and including **May 15, 2018**, to file an amended complaint addressing the issues noted above. If Plaintiff intends to file an amend complaint that reasserts these claims, Plaintiff shall file a notice with the Court stating that intention on or before **May 1, 2018.**

2. The Fifth and Sixth causes of action for violation of California state law against Defendant County are **DISMISSED WITH PREJUDICE**.

3. If Plaintiff chooses not to amend and does not file the required Notice of Intent to do so by May 1, 2018, the Court shall remand the remaining state law causes of action against Defendant Casa to state court. *See* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

It is **SO ORDERED**.

Dated: April 24, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge